FILED
FEB - 2 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Saleem El-Amin, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:16-cv-00166 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 2/2/2016 |
| Judge William Jackson *et al.*, ) | Description: Pro Se Gen. Civil |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

Plaintiff, a federal prisoner proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is incarcerated at the United States Penitentiary in Inez, Kentucky. He sues his sentencing judge, William Jackson of the Superior Court of the District of Columbia, and an individual, Christopher Bruckmann, who shares an address with the United States Attorney for the District of Columbia. *See* Compl. Caption. Plaintiff alleges that Judge Jackson violated his due process rights by depriving him of a jury trial. He alleges that Bruckmann violated the Constitution "when he forced an upward departure with his memorandum," apparently with respect to a sentence recommendation. Compl. at 3. Plaintiff seeks $1 million in money damages from Judge Jackson and $300,000 in money damages from Bruckmann.

Because plaintiff's success would necessarily invalidate his sentence, this claim is not "cognizable unless and until he meets the requirements of *Heck*" by having the sentence invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal. *Harris*

*v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *see also id.*, quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("*Heck* applies 'no matter the relief sought (damages or equitable relief) . . . if success in [the] action would necessarily demonstrate the invalidity of confinement or its duration"). Nothing in the complaint suggests that plaintiff's sentence has been invalidated. Consequently, this action will be dismissed without prejudice for failure to state a claim. A separate order accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: Jan. 28, 2016